CHAPMAN *v.* THORNBURGH, Sheriff of Yuba County.

Where a Sheriff received a writ of assistance, commanding him forthwith to deliver possession of certain real estate to plaintiff; and went with plaintiff to the premises for the purpose of putting him in possession, but for some reason not stated— in opposition to plaintiff's wishes and against his protestations—he declined to take any action in the matter; and then, on a subsequent day, the Sheriff proceeded to execute the writ; but the parties in possession—being the parties against whom the writ run—had, in the meantime, destroyed a number of valuable fixtures, and by their willful and malicious acts had injured the premises in other respects : *Held,* that the Sheriff is liable for the damage thus done; that he is presumed to have known what his duty was, and to have acted in willful violation of it; and that as his duty was to execute the writ at the earliest practicable moment, and he neglected and refused so to do, it was through his fault that the parties in possession were enabled to commit the injury; and he must respond in damages, however remote.

Appeal from the Tenth District.

The complaint avers, in substance, that plaintiff had a mortgage, executed by one Clark and his wife, upon a lot in Marysville, together with the improvements thereon, known as a " bath house;" that subsequently he foreclosed the mortgage in due form ; that an order of sale was issued, and under it the premises were sold by defendant, as Sheriff, to plaintiff, he being the highest bidder ; that defendant gave to plaintiff the usual certificate of sale, and in due time executed the Sheriff's deed ; that the proper steps being taken, a writ of assistance was issued by the Court, Sept. 4th, 1857, commanding the Sheriff of Yuba county—the defendant— forthwith to remove said Clark and wife from the premises, and put plaintiff in peaceable possession thereof, and to make due service and return of the writ within five days after its receipt ; that this writ was delivered to the defendant on the next day, and he requested to put plaintiff in possession at once ; but that although the Sheriff then went with the plaintiff to the premises, still, regardless of his duty, he declined to remove Clark and wife at that time, and did not remove and deliver plaintiff possession until Sept. 7th, 1857 ; that on the fifth of September, when plaintiff and defendant first went to the premises, there was a " bath house," with fourteen bathing tubs, a steam engine, apparatus for a large number

of shower baths; a large quantity of lead pipe, to conduct water to the tubs, two water tanks, and other property connected with the house, all in good order, in actual use and constituting part of the realty ; that after the fifth of September, and before the seventh, when defendant delivered plaintiff possession, Clark and his wife cut the bathing tubs and apparatus to pieces, tore down and cut to pieces the pipe, destroyed the engine and water tanks, and all other property connected with the bath house ; in short, so injured and destroyed these things that it took four months to repair and put the establishment in operation again ; that the value of the property destroyed was $5,000, and the injury to plaintiff's business from loss of time $2,000, for both of which sums, and for two hundred dollars, as the penalty fixed by statute, plaintiff asks judgment.

Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Demurrer sustained, and final judgment rendered for defendant. Plaintiff appeals.

*H. K. Mitchell,* for Appellant.

I.    The Sheriff for failure to execute a writ with due diligence, acccording to its command, is " liable in an action to the party aggrieved for the sum of two hundred dollars, and all damages sustained by him." (Wood's Dig. 680, sec. 6.)

The words " all damages " mean all damage known to the law ; and it is immaterial, therefore, whether they be remote or not.

II.    Aside from the statute, the damages claimed here are not too remote. Actions on the case can be sustained against ministerial officers for any breach of duty, whether intentional or malicious or not. (*Keith* v. *Howard,* 24 Pick. 292 ; *Gates* v. *Neal,* 23 Id. 308 ; 9 Id. 224 ; 19 Vt. 557 ; *Griffin* v. *Rising,* 11 Met. 339.)

The damages sustained are the consequence or result of the act complained of. If the defendant had executed the writ according to its commands, and when the plaintiff on the premises demanded its execution, the injury and wrong could not have been

committed.   But his refusal to execute it left the parties in posses-
sion of the premises, who destroyed and cut to pieces the property.
The destruction of the property then, from the averments in the
complaint, was the immediate consequence of his neglect and
refusal to execute the writ.

The rules of damages where the Sheriff neglects to levy an exe-
cution or permits an escape, are well settled—the measure being
the debt—leaving, in many cases, the Sheriff to prove the insolv-
ency of the party defendant, or other circumstances in mitigation.
(*Porter* v. *Lansing*, 1 Johns, 215 ; *Russell* v. *Turner*, Id. 189 ;
*Bank of Rome* v. *Curtiss*, 1 Hill, 275 ; *Pardue* v. *Robertson*, 6
Id. 550 ; see also *Goodrich* v. *Starr*, 18 Vt. 227 ; *Wheeler* v.
*Pettes*, 21 Id. 398 ; *Robertson* v. *County Commissionere*, 5 Gil-
man, 559 ; *Palmer* v. *Gallup*, 16 Conn. 555 ; *Clark* v. *Smith*, 9
Id. 387 ; *Gleason* v. *Chester*, 1 Day, 152 ; *Hubbard* v. *Schaler*,
2 Id. 195 ; *Adams* v. *Purrentine*, 8 Ired. 147 ; *Sheriff* v. *Shu-
ford*, 10 Id. 200 ; *Parkes* v. *Alexander*, 7 Id. 412 ; *State* v.
*Edward*, 10 Id. 242 ; *Faulkner* v. *Bartley*, 1 English, 150 ; *Weld*
v. *Bartlett*, 10 Mass. 470 ; *Colby* v. *Sampson*, 5 Id. 310 ; *Rich*
v. *Bell*, 16 Id. 294 ; *Burrell* v. *Lithgow*, 2 Id. 526.)

III.   But the judgment of the Court below must be reversed.
The complaint charges a neglect of duty on the part of a public
officer, and the statute gives a right of action against such officer.
The law then, implies damages.   When the law gives an action for
a particular act, the doing of that act imports of itself a damage
to the party.   Every violation of an act imports some damage, and
if none other be proved, the law allows nominal damages. (*Whitte-
more* v. *Calter*, 1 Gall. 492 ; *Pastorius* v. *Fisher*, 1 Rawle, 27 ;
*Ripha* v. *Sargent*, 7 W. & S. 9 ; *Laflin* v. *Willard*, 16 Pick. 64 ;
*Goodnow* v. *Willard*, 5 Met. 517 ; *Lawrence* v. *Rice*, 12 Id. 535 ;
*Mickles* v. *Hart*, 1 Denio, 548.)

*G. N. Swezy*, for Respondent.

I.   The complaint is defective in not showing that an order was
made in the decree of foreclosure for possession, or afterwards.

made by the Court, and that such order had been served and disobeyed prior to the application for the writ of assistance.

II. The complaint shows no cause of action, in that it shows that all the injury to the property complained of was willfully committed by others than the officer, and without his assent or connivance.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The action in this case is founded upon an alleged violation of the official duty of the defendant, in refusing to execute a writ of assistance with proper diligence. The case comes up on demurrer to the complaint; and the question is whether the facts stated are sufficient to constitute a cause of action. On the oral argument, we were strongly inclined to the opinion that the damages sought to be recovered were too remote, and that there was no legal connection between the wrong complained of and the injury sustained. But upon further examination, we are satisfied that our impressions at that time were erroneous, and we think that upon proof of the facts alleged, the plaintiff will be entitled to recover. The defendant was required by the writ to proceed forthwith and deliver possession of the property to the plaintiff, and his duty was that of obedience, and he had no discretion whatever upon the subject. He cannot urge that *prima facie* the writ was executed with reasonable dispatch; it was his duty to execute it at the earliest practicable moment, and this he not only failed, but refused to do. Upon receiving the writ, he accompanied the plaintiff to the premises for the purpose of putting him in possession, but for some reason, which is not stated, in opposition, however, to the wishes of the plaintiff, and against his earnest protestations, he declined to take any action in the matter. On a subsequent day he proceeded to execute the writ; but in the meantime the parties in possession had destroyed a number of valuable fixtures, and by their willful and malicious acts, had injured and damaged the premises in other respects. If the defendant had properly discharged his duty, no opportunity for the commission of these acts would have been afforded, and we think that the effect of his conduct was to place

Chapman *v.* Thornburgh.

him in a position of responsibility for the safety and security of the property.   If the process had related to personal property instead of real estate, there is no doubt that the course which he pursued would have rendered him liable for the value of the property, and we do not see why the same principle which would have determined his liability in that case, is not equally applicable in this.   The parties who committed the injury were the parties from whom the possession was to be taken, and it was the fault of the defendant that they were not removed, and the plaintiff placed in a position to protect the property against their acts.   It was this fault that enabled these parties to commit the injury, and we are not aware that any principle of law is violated in making the defendant responsible for the consequences of a willful dereliction of duty, however remote or unexpected these consequences may have been.   We do not suppose that the defendant, when he took the responsibility of postponing the execution of the writ, anticipated danger to the property ; but his action in the matter was entirely voluntary, and he cannot escape liability on the plea that he was ignorant of the existence of this danger.   If such a plea were admissible under the circumstances of this case, we do not see that the remote or consequential results of a wrong, however willful, could ever be redressed. It must be borne in mind that the defendant was an officer called upon to discharge a duty enjoined by law, aud that possession of the property could only be obtained through him.   He is presumed to have known what his duty was, and to have acted in willful violation of it, and there is nothing unjust or illegal in holding him for the damages to which the plaintiff has been subjected.

We think the demurrer should have been overruled ; and the judgment is therefore reversed, and the cause remanded.